Clapp, Peterson, Tiemessen, Thorsness LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966
jit@cplawak.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

OHIO SECURITY INSURANCE COMPANY, a New Hampshire company,

Plaintiff,

vs.

BLACK & DECKER INC. D/B/A PORTER CABLE CORPORATION, a Maryland corporation,

Defendant.

U.S.D.C. Case No. _____

(State Court No. 4FA-21-0158CI)

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant BLACK & DECKER, INC. d/b/a PORTER-CABLE CORPORATION, a Maryland corporation ("Black & Decker"), hereby removes the state court action captioned *Ohio Security Insurance Company, a New Hampshire Company, v. Black & Decker INC. D/B/A Porter Cable Corporation, a Maryland Corporation,* Case No. 4FA-21-0158CI pending in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks ("Action"), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## THE REMOVED CASE

1. This is a strict products liability action in which plaintiff, Ohio Security Insurance Company ("Plaintiff"), alleges that defendant, Black & Decker, manufactured and was a commercial seller of an air compressor that was not reasonably safe in design and

Ohio Security Insurance v. Black & Decker
Case No.

construction, which air compressor failed to operate properly, and that failure ultimately caused a fire and substantial property damage to Plaintiff.

2. Plaintiff filed their Complaint on May 4, 2021, in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks. Black & Decker was served with a copy of the Complaint on June 30, 2021.

3. The Action could have been originally filed in this court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity between the parties, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## REMOVAL IS APPROPRIATE AND TIMELY

4. This Notice of Removal is timely filed within 30 days after Black & Decker received the Complaint. 28 U.S.C. § 1446(b); *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994) ("[R]emoval was within the 30-day period required by section 1446(b) and was timely").

5. Venue properly lies in the United States District Court for the District of Alaska pursuant to 28 U.S.C. §§ 81A and 1441(a) because Alaska constitutes one judicial district embracing the place where the Action is pending.

6. This is a civil action that falls under the court's original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. Pursuant to 28 U.S.C. § 1441(b), suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Ohio Security Insurance v. Black & Decker
Case No.

7. Complete diversity of citizenship exists between the parties.

8. A corporation is deemed to be a citizen of the state of its incorporation and the state in which it maintains its principal place of business. 28 U.S.C. §1332(c)(1); *Montrose Chemical Corp. of California v. American Motorists Ins. Co.*, 117 F.3d 1128, 1132 (9th Cir. 1997).

9. Plaintiff is a company duly organized under the laws of New Hampshire with its principal place of business in Ohio. (Complaint, ¶ 1.1, Exhibit A).

10. Defendant is incorporated in the state of Maryland and has its principal place of business in Tennessee. Therefore, Defendant is a citizen of Maryland and Tennessee for purposes of determining diversity of citizenship. Defendant was not a citizen of the State of Alaska at the time the Action was filed within the meaning of the Acts of Congress relating to the removal of cases. 28 U.S.C. § 1332(c)(1).

11. Accordingly, there is complete diversity among the parties, and removal of the Action to this court is proper pursuant to 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

11. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case in which federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lholka*, 599 F.3d 1102, 1106 (9th Cir. 2010) ("A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs"); *Borgen v. United Parcel Services*, 2006 WL 1096628 at *1 (D.

Ohio Security Insurance v. Black & Decker
Case No. _____
Case 4:21-cv-00018-JWS   Document 1   Filed 08/02/21   Page 3 of 6

Alaska April 25, 2006) (case properly removed where the complaint demonstrates that at the time of removal the amount in controversy exceeded $75,000).

12. It is clear from the Complaint that the amount in controversy in the Action is greater than $75,000, exclusive of interest and costs. The Complaint seeks an award of damages in excess of $100,000 for the damages allegedly incurred by Plaintiff. (Complaint, ¶¶ 2.2, 3.6, 4.7, Exhibit A). Furthermore, in order to bring a civil suit in the superior court, the amount in controversy must exceed $100,000, exclusive of costs, post-filing interest, and attorney's fees. *See* Rule 45 of the Alaska Rules Governing the Administration of All Courts. Because the Action was filed in the superior court, and Plaintiffs explicitly allege they seek to recover sums in excess of the superior court's jurisdictional amount it is clear that the amount in controversy in the Action exceeds $75,000, exclusive of interest and costs.

13. As such, all of the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied and this case is removable in accordance with 28 U.S.C. § 1441.

## PAPERS FROM REMOVED ACTION AND OTHER REQUIREMENTS

14. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the Action in Defendant's possession are attached hereto as Exhibit A (Summons and Notice to Parties of Judicial Assignment and Complaint for Damages) and incorporated herein by this reference.

15. Pursuant to 28 U.S.C. § 1446(d), Black & Decker is filing a written notice of this removal with the Clerk of the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks. Copies of this Notice of Removal and the notice of filing this Notice
Clapp, Peterson, Tiemessen, Thorsness LLC
411 Fourth Avenue, Suite 300
Fairbanks, AK 99701-4711
(907) 479-7776 fax (907) 479-7966
jit@cplawak.com

Ohio Security Insurance v. Black & Decker
Case No.

of Removal directed to the Clerk of the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks are also being served upon Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Black & Decker respectfully removes the Action from the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED at Fairbanks, Alaska, this _____ day of _____, 20___.

CLAPP, PETERSON, TIEMESSEN & THORSNESS LLC
Attorneys for Black & Decker U.S.) Inc.

By: /s/ John J. Tiemessen
John J. Tiemessen
Alaska Bar No. 9111105

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document including a total of ___ pages was served via email and believed to be completed without error from the email address _____ to the following individuals:

Kyle A. Farnam
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000
E-mail: kfarnam@cozen.com

By: _____

Date/Time: _____

Ohio Security Insurance v. Black & Decker